**S. Raye Mitchell  (CA SBN 172664)**
*rayemitchell@thegenius.agency*
Chief Creative & Talent Officer
The Genius Agency, Inc.
Hollywood Branch Office
7080 Hollywood Boulevard Suite 700,
Los Angeles, CA, 90028
323.347.7600 (ph)/510.380.6531(fax)

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **MICHELLE BONHOMME**, an individual, Plaintiff<br><br>vs.<br><br>**OPEN TEXT CORPORATION**, a Canadian corporation and DOES 1 through 100 inclusive Defendants | **Case No.**<br><br>**CIVIL ACTION**<br><br><u>**JURY DEMANDED**</u> |

Plaintiff **MICHELLE BEASLEY BONHOMME** ("Beasley" or "Plaintiff"), by Plaintiff's undersigned attorneys, for Plaintiff brings this Complaint against Defendant Open Text Corporation ("OTC" or "Open Text Corp.") for fraud, civil conspiracy to commit on-going fraud, abuse of process, on-going conspiracy to commit abuse of process, breach of contract, breach of covenant of good faith and fair dealing, violations of the California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), and *tort in se* for violations of California Labor Code §§ 2751 and 1174, California Revenue and Taxation Code § 23101(b), Revenue and Taxation Code section 23305a, Revenue and Taxation Code section 23304, and Cal. Corp. Code §§ 2258-2259, breach of contract, defamation, and violations of the California Unfair Competition Law, Section § 17200

0

for unfair, unlawful, and deceptive business practices, including violations of unfair or deceptive acts or practices under the Federal Trade Commission Act (FTC Act), §41 *et seq*., which is enforced by the Federal Trade Commission (FTC). See §1692*l*.

This complaint alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's acts and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendant's public documents, and announcements made by the defendant, United States Securities and Exchange Commission ("SEC") filings, California Secretary of State (SOS) filings, wire and press releases published by and regarding Open Text Corporation, correspondence by and from Open Text Corporation and its employees, and CEO, Mr. Mark J. Barrenechea's directed at residents of the state of California, including the Plaintiff, public records in litigation in this jurisdiction and others, and other generally reliable Internet postings by Open Text corporation or its employees and agents, and information readily obtainable on the Internet. The Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery. Plaintiff further believes that this action is timely and or subject to principles of equitable tolling but files this complaint in good faith to avoid issues of breaking an applicable statute of limitations cause of action, even if augmented upon an amended complaint.

## I. <u>NATURE OF THE ACTION</u>

1) The Plaintiff, a former employee of Open Text Corporation (OTC) and its subsidiary, Open Text, Inc. (OTI), or both, is an African American female who brings this action based on an insidious and ongoing scheme to defraud her and drive her into financial ruin as a retaliation tactic. Plaintiff seeks to recover damages caused by Defendant's wrongful conduct alleged herein, including damages attributed to an ongoing conspiracy between a corporate parent, OTC, and its

CIVIL COMPLAINT

subsidiary, OTI to commit abuse of process by engaging Plaintiff in marathon litigation, coupled with scorched earth punitive tactics intending to bury her with insurmountable legal fees, embarrass her with her current employer, and cause a distraction to essentially run-out the bank and the clock to bring actions against the corporate parent, OTC and the its CEO Mr. Mark J. Barrenechea, who was made aware of the conduct, did not respond to Plaintiff, and failed to take action to prevent harms to the Plaintiff. In contrast, when a white female, DA, who is the person that referred Plaintiff to Open Text, complained to Mr. Barrenechea, he responded and is believed to have taken corrective actions. It is alleged that some persons involved were placed on corrective action and ultimately terminated. One such person has filed a claim for discrimination in State Court.

## II.     THE PARTIES

2)   Plaintiff **MICHELLE BEASLEY BONHOMME** is an individual who, at all times relevant, is and continues to be a resident of Alameda County, California.

3)    Defendant Open Text Corporation ("OTC") is incorporated and headquartered in Canada. Its principal place of business is 275 Frank Tompa Drive, Waterloo, ON N2L 0A1 4. OTC is the parent company to dozens of subsidiaries. According to a recent declaration dated November 2022 by Paul Loomis, VP of Intellectual Property for Open Text, Inc., OTC is a Canadian operating company that does not engage directly in any business or sales in the United States. OTC does not make, use, sell, offer for sale, or distribute any products or services in the United States. OTC does not own, lease, maintain employees in, or otherwise occupy any physical space in the United States. OTC does not keep any employees in the United States. OTC has no customers in the United States. OTC does not contract with any party in the United States. OTC submits its financial statements and reports consistent with

CIVIL COMPLAINT

applicable statutes and regulations. Each of OTC's subsidiaries maintains its own separate financial records, accounts, offices, and employees. Moreover, the board of directors and officers of OTC and its subsidiaries are not identical. OTC and its subsidiaries maintain separate assets and individually comply with the relevant government's statutes and regulations. OTC and many of its subsidiaries are incorporated in different jurisdictions and are therefore subject to different laws. For example, OTC is incorporated in Canada; but Open Text, Inc. ("OTI") is incorporated in the United States. Each of OTC's subsidiaries is a separate and independent entity. The OTC's subsidiaries are the parties engaging with customers, entering contracts, employing individuals, and utilizing offices and other property in the United States.

### III.   JURISDICTION AND VENUE

4)   This Court has original subject matter jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

5)  Plaintiff is an individual and a resident of and domiciled in California. A natural person is a citizen of her state of domicile.

6)   The Defendant is a foreign corporation incorporated in Canada, is not registered with the California Secretary of State to conduct business there, and has no known office, physical address, or principal place of business in California. A corporation is the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

7)   Venue is proper in this judicial district 28 U.S.C. §1391(b)  as the alleged misstatements and subsequent damages occurred within this judicial district. Defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to the United States mail, interstate telephone communications, and the facilities of the California Superior Court systems.

CIVIL COMPLAINT

## IV.   DIVISIONAL ASSIGNMENT

8)   In compliance with Local Rule 3-5(b), Plaintiff requests that this action be assigned to the San Francisco Division of this District because a substantial part of the events or conduct giving rise to the claims in this action occurred in the County of Alameda.

## V.   INTRODUCTION AND SUMMARY OF THE ACTION

9)   The Plaintiff files this action in this skeleton form to preserve any potential claims subject to the expiration of any applicable statute of limitations. The complaint shall be amended to include additional details.

10) The Plaintiff's ordeal began in 2019 when an associate and then an employee of Open Text referred the plaintiff to opportunities to work for Open Text as a senior account executive. She interviewed for the position and was offered a position on or about August 23, 2019. The offer letter was revised and dated September 14, 2019. The offer letter provided for payment of a non-recoverable draw, which is a guaranteed payment lodged as earned wages in commonly used industry terms of art. In this case, it was not a draw on commission requiring repayment because the sales cycle for Open Text products is long and dependent upon Open's account assignment process. Based on such, it would have been impossible to earn any form of commission.

11)  The relevant offer letter for employment dated September 14, 2019, came from Open Text Corporation employees and was purportedly signed by an Open Text employee named Michelle Berry, VP of Talent Management, in Canada. It was returned to and accepted by Open Text Corporation employees in Canada. Everything of significance occurred by and among the Plaintiff and Open Text Corporation employees operating out of Canada but directing their activities to the state of California. Plaintiff terminated any relationship with OTC and or OTI on June 30, 2020, based on discrimination, unequal pay, retaliation for engaging in protected activities, and a hostile work environment based on gender and racial animus. Plaintiff did not

CIVIL COMPLAINT

elect to leave and sue and instead moved on to employment in an environment free of workplace discrimination and policies providing equal pay. During her time at Open Text, she was denied opportunities to earn commission pay at the same rate as her white male counterparts. Plaintiff was only awarded opportunities that allowed her to earn 1/10 of what the white male senior account executives were paid because they were assigned the lucrative accounts. Plaintiff was assigned deadbeat accounts or dormant or otherwise not functional accounts.

12) During the term of her employment, Plaintiff was subjected to gender and racially-based harassment. Within weeks of starting her job, a smear campaign originated from the company's mandatory sales training that occurred in Florida. The training was led by all white, mostly, if not all, white males. One such person(s) emailed the Plaintiff's manager and called her "disruptive" and alleged that she was not cooperating with the company's culture and sales practices, even though she had not been assigned any accounts.

13) During her short tenure, Plaintiff sought opportunities to earn at the same and equal rate as her white male counterparts who were assigned the lush accounts and earned between $500,000-1,000,000.  Based on the deadbeat accounts assigned, Plaintiff's on-target earning objective (quota) was knowingly and intentionally unrealistic and unachievable. Despite her best efforts to be assigned the same quality and quantity of actionable accounts as her white male counterparts, Plaintiff was never assigned any such comparable accounts. Over eight months, she was never paid more than $ 10,000 in variable compensation compared to an annual on-target earnings monthly production quota of $ 11,666.00. Of the $ 10,000 paid, the bulk came as to a transaction approved only on her last day of employment and after she had given notice of the unfair cultural and sales practices that denied her the opportunity to make variable compensation in the same or equal manner as other account executives. The plaintiff was the only African American Senior Account Executive. In addition, Plaintiff had to give notice because Open Text

Corporation issued a notice that the California Labor Code § 2751 signed commission plan agreement would be signed by Open Text Corporation for the employee. Plaintiff did not authorize anyone to use her name or sign on her behalf. In other words, Open Text Corporation indicated and then did foreign signatures on the documents. In October 2021, Plaintiff learned that Open Text Corporation did, in fact, fraudulently forge her electronic signature onto the documents. In April 2024, and continuing after that, up to and including August 26, 2024, Plaintiff learned that Open Text Corporation continued to allege that she signed the documents. In addition, Plaintiff learned that the original Beasley Offer Letter delivered to her on August 23, 2019, and September 14, 2019, and the one she signed that was identified as the "Beasley Offer Letter, Revised," was later altered by Open Text Corporation employees and renamed "Employment Agreement." Plaintiff was shocked and despondent to learn that her identity was stolen and her signature was forged in that manner. She denies signing any such document as it was altered to reflect the name "Employment Agreement."

14) Open Text's culture and sales practice was intended to lead to Open Text's pretext and justification for the Plaintiff's termination based on low production and by placing her on the inevitable corrective action plan that would lead to termination within sixty days after that. Known only to Open Text Inc. and Open Text Corporation, OTC believed that the Beasley Offer Letter it signed included a vague provision alleging that Open Text Corporation or OTI could demand repayment of Plaintiff's earned wages awarded in the form of a non-recoverable draw only if she voluntarily resigned. To effectively nullify the provision and later seek the return of earned wages, OTC and OTI conspired to force Plaintiff to 'voluntarily' resign.

15) Plaintiff gave notice of her termination on June 16, 2020, effective June 30, 2020. At no time between Plaintiff's execution and return of the September 14, 2019, Beasley Offer Letter, the signing of the first Commission Plan Agreement, or during any exit interviews or notices did

OTI or OTC allege that Plaintiff owed any money back to OTC or OTI. OTC and OTI acted in concert to force Plaintiff to "voluntarily" resign and invoke a repayment obligation, according to OTC and OTI.

16) None of this was ever disclosed to Plaintiff. Plaintiff relied to her detriment on OTC's silence and did not know that the alleged non-recoverable draw was due at the time she had to leave employment, even though she could not stay in her position because she was set up for a corrective action leading to termination based on a false premise.

17) OTC remained silent as to its true intentions until on or about October 20, 2020, almost three months after Plaintiff posted on her LinkedIn social media/business professional profile that she joined a bigger and more prestigious Fortune 100 company, she received a dunning letter from Open Text Corporation demanding that she pay back "*draw amount" she* had earned as a non-recoverable draw booked as wages and to send payment to Jacqueline Frank, HR Shared Services, Open Text Corporation, 275 Frank Tompa Drive, Waterloo, Ontario, N2L 0A1. (The OTC Dunning Letter*)* The Dunning Letter was back-dated to July 24, 2020, but received no sooner than October 15, 2020, by the Plaintiff.

18) The Plaintiff responded on or about October 20, 2020, and asked for an investigation. Among other things, Plaintiff entered into a signed agreement that any non-recoverable had previously, on or about October 23, 2019, executed a Commission Plan Agreement with Open Text Corporation that provided that the non-recoverable draw was earned wages once distributed. Open Text Corporation employee Ms. Frank responded on October 23, 2020, alleging an investigation and continuing to demand repayment of a non-existent debt. Plaintiff's counsel contacted Open Text Corporation, Ms. Frank, on or about October 26, 2020.

19) On November 9, 2020, Ms. Mitchell began direct communications with Mr. Alex Reinhardt (Reinhardt), who needs to be registered to practice law in California. She responded

that he is the Assistant General Counsel for Open Text. The letterhead indicated Open Text and contained the business address in Canada. Correspondence continued from Mr. Reinhardt, representing that he is an employee and Assistant General Counsel for Open Text Corporation and responding to matters directed at the state of California and the Plaintiff, including purporting to respond to a request for personnel files according to various California Labor Code provisions. Other Open Text Corporation employees located in Canada also participated in the production. The documents produced by Mr. Reinhardt appeared altered, manufactured, or otherwise carrying badges of fraud. Other records were concealed and have never been produced.

20) Another Open Text Corporation employee, Mr. Christopher Goldenstein, VP of Global Compensation and Human Resources for Open Text Corporation, began participating in matters in California. Mr. Goldenstein would issue misleading statements, declarations, and documents indicating he is "VP Global Compensation and Human Resources for Open Text Corporation, the parent company of Plaintiff and Cross-Defendant Open Text Inc. ("Open Text")," and then proceed to repeatedly use the defined term "Open Text" to refer to the subsidiary Open Text, Inc., and appear as if he is responding for the subsidiary.

21) There are many examples of ongoing fraud, falsified or altered documents, and abuse of process. In other cases, Mr. Goldenstein represented the California Labor and Workforce Development Agency in a declaration filed with the state of California in an official proceeding that he is "Vice President Global Compensation for Open Text Inc. ("Open Text")." If it is true that Mr. Goldenstein is the VP President of Global Compensation for OTC and not OTI, then the filing could violate California Penal Code § 115. The same is true as to any declarations by Mr. Goldenstein alleging that the document Plaintiff signed was entitled "Employment Agreement," when the records indicate the document she signed was titled "Beasley Offer Letter, Revised."

CIVIL COMPLAINT

Altering the name of a document in Open Text Corporation's electronically stored information system and presenting it to the courts could qualify as a violation of California Penal Code § 115.

22) On August 11, 2021, Plaintiff filed a notice to the Labor and Workforce Development Agency ("LWDA") pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2699.3, of alleged violations of Labor Code §§ 226 and 2751 by Open Text Inc. ("Open Text") and its parent corporation, Open Text Corporation. On September 14, 2021, Open Text, Inc.'s legal counsel, Ms. Mindy Wong, presented a claim that 'Open Text' on September 14, 2021, alleging it had cured the items specified in the LWDA Notice when it had not. On October 14, 2021, the LWDA required Open Text, in whatever capacity it was alleged, to respond to objections to alleged cures of Labor Code § 2751 in general and as to the Plaintiff and to present a declaration by the employer.  Open Text and its counsel refused to respond in full. They presented a declaration by Mr. Goldenstein that contradicts his later claims as to the position and relationship he holds between the parent company, Open Text Corporation, and the subsidiary, Open Text, Inc.

23) Open Text Corporation is not registered with the California Secretary of State to transact business in California. Yet, it has directly and through the aid of its subsidiary, OTI lawyers, Mr. Reinhardt and Mr. Goldenstein, been transacting business in California at all times relevant to this complaint. The activities continue up to the time of filing this complaint. OTC is effectively litigating in the California courts in the shadows. Mr. Goldenstein had written in a declaration under penalty of perjury that, *"As part of my duties, I oversee the compensation programs for Account Executives. I am also overseeing the collection efforts of Ms. Beasley, who has failed to repay her advanced but unearned commission payments by her employment agreement. In preparing this declaration, I reviewed Open Text's records related to Ms. Beasley's employment with Open Text, which are maintained during the regular course of business. I also spoke with

9

members of our HR Shared Services department concerning their calculations related to the overpayment made to Ms. Beasley and related communications with Ms. Beasley and her counsel."

24) The fraud and abuse of process and conspiracy to commit abuse of process are ongoing. On August 26, 2024, Mr. Goldenstein continued to sign and present fraudulent documents on behalf of OTI despite no claims that OTC is an agent of OTI. OTC is barred from conducting business in California as an unregistered foreign corporation. California Revenue and Taxation Code § 23101(b), Revenue and Taxation Code section 23305a, Revenue and Taxation Code section 23304, and Cal. Corp. Code §§ 2258-2259

25) On August 26, 2024, the Plaintiff, by her attorney, caused Evidence Preservation Notices to be issued to Michael F. Acedo, Executive Vice President, Chief Legal Officer & Corporate Secretary, OPENTEXT CORPORATION, and Michelle L. Landry, Shareholder VEDDER PRICE (CA), LLP, legal counsel for Open Text, Inc. Attached as **Exhibit 1** and **Exhibit 2**, are true copies of the notices issued to Open Text Corporation and Open Text, Inc. Such factual claims and allegations in the notices are otherwise incorporated as part of this complaint.

26) Open Text Corporation is not a party to any pending court actions. The plaintiff contends that Open Text, Inc. and its lawyers, Ms. Landry, Vedder Price (CA), LLP, are participants in the conspiracy to defraud the Plaintiff and the conspiracy to engage in abuse of process; this action does not extend to Open Text, Inc. nor seeks adjudication of any matters pending in a California state court and is based on joint and several liabilities for Open Text Corporation.

CIVIL COMPLAINT

1

## VI.   CLAIMS FOR RELIEF

2

Subject to further amendment, Plaintiff alleges the following claims for relief.

3

## COUNT I
## FRAUD AND CONSPIRACY TO COMMIT FRAUD

4

5

27) As to Defendant, Open Text Corporation, Plaintiff repleads, realleges, and incorporates

6

by reference the above paragraphs inclusive, as though fully set forth herein.

7

28) Plaintiff contends that the above-described conduct constitutes fraud and deception.

8

Plaintiff alleges that the conduct is ongoing and that he has been harmed in an amount to be

9

10

established at trial but in no event less than an estimated $ 25,000,000.00.

11

29) Plaintiff contends that the actions were intentional and done in malice, oppressive, or

12

constitute despicable conduct in support of an award of exemplary damages in an amount

13

determined by a jury, but will be requested in at least $10,000,000.00 as an estimate.

14

## COUNT II
## VIOLATION OF THE UNFAIR COMPETITION LAW-UNFAIR, UNLAWFUL, AND DECEPTIVE BUSINESS PRACTICES
## BUS. & PROF. CODE § 17200 ET SEQ

15

16

17

30) As a separate and distinct cause of action, Cross-complainant complains and

18

realleges all the allegations contained in this complaint and incorporates them by

19

reference into this cause of action as though fully set forth herein, excepting those

20

allegations which are inconsistent with this cause of action.

21

31) Plaintiff alleges that Defendant's conduct as alleged herein violates multiple state and

22

23

federal laws and constitutes unfair, unlawful, and fraudulent business practices within the

meaning of California Business & Professions Code § 17200, et seq.

24

25

32) Plaintiff is informed and believes and thereon alleges that Defendant continues to engage

26

in some or all of the aforementioned unfair and unlawful business practices.

27

11

28

33) Defendant has repeatedly engaged in deceptive and unfair employment recruiting tactics and practices and made claims of the existence of an "employment agreement" based on altered and fraudulent documents.

34) In addition to the conduct mentioned above incorporated by reference herein, Defendant aided and abetted out-of-state Attorney Alex Weinstein in the unlawful practice of law in California to retaliate against Plaintiff for speaking out about the Open Text policies and practices of anti-competitive marketplace conduct. The Defendant's sales teams held explicit or informal agreements between OpenText and SAP to restrict direct sales to customers; in one case, Foster Farms was refused services to ensure the customer remains with or continues with SAP to ensure Open Text obtains a larger commission payment overall, versus a more direct sales agreement that would benefit the client and earn more commissions for the individual salesperson such as Beasley.

35) Plaintiff contends that there are additional facts to be alleged upon amendment.

## **COUNT III**
**Aggravated Identity Theft**
**Cal. Civil Code § 1798.92-1798.97 et**

36) Plaintiff repleads, realleges, and incorporates by reference paragraphs the above paragraphs inclusive, as though fully set forth herein.

37) Plaintiff contends that the above-described conduct constitutes aggravated identity theft, including using her private information without permission by one of the Open Text Corporation employees to electronically sign her name to an amended Commission Plan Agreement. Plaintiff contends that the forged documents were used to harass and engage in a scheme to violate California Rosenthal Act to collect a non-existent debt.

CIVIL COMPLAINT

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against the Defendant, as follows:

1. Attorney Fees, as permitted by statute,

2. Economic and Non-Economic Damages no less than $ 25 Million or as proven at trial;

3. Injunctive Relief barring Open Text Corporation from engaging in abuse of process tactics in the shadows and engaging in business in California without registration

4. A judicial determination that any alleged agreement signed by Open Text Corporation employees be deemed void;

5. Punitive Damages in an amount determined by a trier of fact;

6. For costs of suit herein incurred and

7. For such other and further relief as the court deems proper, including a referral to the California Department of Justice and the United States Department of Justice for investigation and prosecution of the alleged activities of the named Defendants.

**DEMAND FOR JURY**

The Plaintiff hereby demands a trial by jury.

Dated: August 28, 2024                    *Respectfully submitted,*

                                          S. Raye Mitchell (CA SBN 172664)

                                          By: /s/ S. Raye Mitchell

                                          The Genius Agency, Inc.
                                          7080 Hollywood Boulevard Suite 700,
                                          Los Angeles, CA, 90028
                                          323.347.7600 (ph)/510.380.6531(fax)

                                          Attorney for Plaintiff
                                          MICHELLE BEASLEY BONHOMME
                                          (aka Michelle Beasley)

13

CIVIL COMPLAINT

# EXHIBIT 1

14



**Raye Mitchell, Esq.**
4062 Peachtree Road NE, # 111
Atlanta, GA 30319
1-404-402-6681 (ph)/510.380.6531(fax)

*VIA FEDERAL EXPRESS OVERNIGHT DELIVERY*

August 25, 2024

Michael F. Acedo
Executive Vice President,
Chief Legal Officer & Corporate Secretary
OPENTEXT CORPORATION
38 Leek Crescent
Richmond Hill ON L4B4N8, CANADA
Business Phone: (416) 956-0323
Email: MACEDO@OPENTEXT.COM

Re:     *Evidence Preservation Notice- Notice of Intent to File Federal Action*
        *-Beasley vs. Open Text Corporation et al. (OTC Federal Action)*

Dear Mr. Acedo:

I am representing Ms. Michelle Beasley, the upcoming plaintiff in the OTC Federal Action and the current defendant and cross-complainant in the OTI State Action. After consulting with our legal experts at Jean Cha Law Ethics in Orange, California, I am contacting your office directly, Mr. Acedo. Please forward this correspondence to your legal counsel in California. Thank you.

I am writing because, since May 2021, I have asked Ms. Michelle Landry, lead counsel in the matter of *Open Text, Inc. vs. Beasley SMCSC Case. No. 21-CIV-01470 (OTI State Court Action)* on multiple occasions whether Vedder Price, P.C., in any capacity, which includes the affiliate, Vedder Price (CA), LLP, which operates in California. Ms. Landry has failed to respond in substance on each occasion. I presented extensive documentation and expressed inquiries, but Ms. Landry could not affirm or deny any representation. I would appreciate a timely and straightforward confirmation or denial of any representation by Vedder Price, P.C. in this matter. Please refer to the attached bundle of emails under **Exhibit A**.

**Evidence Preservation Notice**

This letter serves as Ms. Michelle Beasley's formal demand that Open Text Corporation (OTC) take immediate and reasonable measures to preserve and retain all files, evidence, communications, records, electronically stored information (ESI), and correspondence on or about Michelle Beasley from June 1, 2019, and going forward.  This evidence is of critical importance in the pending action since it concerns the issue of liability and damages in the forthcoming OTC Federal Action.

Even in the absence of a Court order, California law includes a clearly established duty to retain documents after the filing of a lawsuit when a party can anticipate a discovery request. *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal. 4th 1, 12 ("Destroying evidence in response to a discovery request after litigation has commenced would surely be a misuse of discovery within the meaning of section 2023, as would such destruction in anticipation of a discovery request."). If the Court finds that a party has willfully destroyed evidence that it knew was relevant to anticipated litigation, the Court may impose an appropriate sanction under either the Discovery Act, *Williams v. Russ,* (2008), 167 Cal. App. 4th 1215, 1223, or the Court's inherent power to control the integrity of its own processes and to protect the rights of litigants, *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 757-765.

Federal law also imposes a duty to preserve relevant evidence. "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Apple Inc. v. Samsung Electronics Co., Ltd.* (N.D. Cal. 2012) 888 F.Supp.2d 976, 990–91.

**Beasley's Intent to File Litigation**

Ms. Beasley claims that she has been the victim of discrimination and a comprehensive scheme to defraud, including conspiracy to commit fraud, harassment, menacing, and unlawful debt collection practices. She states that there have been efforts to collect a non-existent debt based on a fake document called an "employment Agreement," among other claims. The evidence supports her allegations of falsifying and altering records, presenting false evidence, providing false statements under penalty of perjury, forgery, identity theft with intent to defraud, and an ongoing conspiracy to abuse the legal process to achieve the conspiracy's goals.

Open Text Corporation (OTC) is not a party to the pending *OTI State Court Action*[1]. However, based on Ms. Beasley's federal claims and diversity jurisdiction attenuating her state claims, the *OTC Federal Action,* absent any delays, will be filed in the United States District Court on or before August 30, 2024.

According to a review of the records of the California Secretary of State, Open Text Corporation is not registered to conduct business in the State of California. However, since July 2019 or earlier, OTC employees and alleged agents have been regularly and frequently engaging in activities that may be considered conducting business in California and establishing enough contact to be subject to personal jurisdiction under state long-arm statutes. Below are some of the interactions, though not an exhaustive list, that indicate individuals based in the United States and Canada claiming to be OTC employees operating in the US and individuals employed by OTC in

---

[1] Ms. Beasley is not a party to a pending action whereby Mr. Avinder Sahi sued Open Text, Inc. for discrimination and wrongful termination in *Avinder Sahi vs. Open Text Inc., et al*. San Mateo Superior Court Case No. 24-CIV-01557 ("Sahi Litigation").

Canada purportedly contracting with individuals in the United States to fulfill obligations imposed by state and federal laws, among other activities.

California state law does not foreclose civil conspiracy claims involving parents and their subsidiaries. It is a well-settled law that parents and their subsidiaries, on the other hand, are separate entities absent an abuse of the corporate form. See *Turman v. Superior Court of Orange County*, 17 Cal, App. 5th, 969, 981 (2017); see also *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries"). As separate legal entities, OTC and OTI are joint and severally liable for wrongful conduct that harms Ms. Beasley.

Conduct that breaches the contract but "is also a [breach] of a legal duty" can establish a fraud claim. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 515 (1994)). The Open Text Corporation Worldwide Sales Policy FY20 Sales Commission Plan General Plan Provisions (Part 1 of 2) and the accompanying Part 2 identifies the corporation as Open Text.

A recent declaration by Mr. Paul Loomis[2], Vice President of Intellectual Property, offers a firm and specific list of activities denying that OTC engages in any business in the USA, including:

1.    OTC does not own, lease, maintain employees in, or otherwise occupy any physical space in the United States.

2.    OTC does not keep any employee in the United States.

3.    OTC has no customers in the United States.

4.    OTC does not contract with any party in the United States.

In the case of Ms. Beasley and other California residents, OTC employees and agents have persistently directed their activities to California since July 2019 or sooner, and the conduct continues. Ms. Beasley contends that she has documented evidence of record tampering, falsification of evidence, and false statements by OTC employees presented in furtherance of the conspiracy to defraud Ms. Beasley.

The activities are extensive and persistent, including direct involvement by Open Text CEO Mr. Mark J. Barrenechea about the same or similar workplace misconduct, including gender discrimination, unequal pay for women, and complaints of anti-competitive behavior in the Open Text, Inc. subsidiary. The white female California resident asserts that Mr. Barrenechea responded to her calls and intervened. On the other hand, when Ms. Beasley sent written confidential correspondence to Mr. Barrenechea, Ms. Beasley received no acknowledgment of receipt or response. Instead, Ms. Landry, aware of the confidential nature of the document that was not directed to her attention, obtained a copy of the letter and then used it to prosecute false claims against Ms. Beasley in the *OTI State Court Action;* such conduct may give rise to further evidence that OTC actively joined the conspiracy to harm Ms. Beasley, which continues unabated despite requests to cease and desist.

---

[2] Please refer to **Exhibit B** for a true and complete copy of a Declaration of Paul Loomis in the matter of *Trend Micro Incorporated vs. Open Text, Inc., Open Text Corp., Open Text Public Sector Solutions., and WebRoot, Inc.* United States District Court for the Eastern District of Virginia, Case. No. 1:22-cv-01063-RDA-LRV Document 27-1 Filed 11/14/22.

On November 9, 2020, Mr. Alex Reinhardt issued correspondence on Open Text letterhead indicating that he was OpenText's Associate General Counsel. Mr. Reinhardt's correspondence further stated, "OpenText advises that it will assert any or all of its legal rights to recover the Draw Amount, including its right to file a claim against Ms. Beasley. OpenText reserves all rights at law and equity." As of November 9, 2020, and all times since the California Secretary of State, records do not indicate that Open Text Corporation is a registered and active entity in California. In general, unregistered foreign corporations can defend lawsuits but cannot initiate or file cross-complaints when sued, and thus, it is unclear what the factual and legal basis is for threatening Ms. Beasley with litigation. Mr. Reinhardt engaged in other actions in furtherance of the conspiracy to defraud and menace Ms. Beasley.

California law may permit claims for conspiracy against parties who joined a fraud.  OTC is liable for its actions and for joining a civil conspiracy or vice-versa. Conspiracy liability lies for "acts in furtherance of the [conspirators'] common design." *Doctors' Co. v. Superior Court, 49 Cal.3d 39, 44 (1989).* A conspiracy is complete, and thus closed to new conspirators, "when [that] common design . . . is fully accomplished," timing which "depends on the facts and circumstances of each case, and the nature and purpose of the conspiracy." *de Vries v. Brumback, 53 Cal.2d 643, 647 (1960).*

The purpose of this notice is stated above. However, Ms. Beasley is open to discussing pre-filing resolutions but can only do so with licensed California attorneys affirmatively stating they represent Open Text corporation. Please forward this to your licensed California attorneys.  I am happy to hold filing and discuss further, but time is of the essence.


Regards


Raye Mitchell
Attorney Michelle Beasley


Encls.

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# EXHIBIT 2

15
16
17
18
19
20
21
22
23
24
25
26
27

28

CIVIL COMPLAINT



**Raye Mitchell, Esq.**
4062 Peachtree Road NE, # 111
Atlanta, GA 30319
1-404-402-6681 (ph)/510.380.6531(fax)

_VIA FEDERAL EXPRESS OVERNIGHT DELIVERY_

August 26, 2024

Michelle L. Landry
Shareholder
VEDDER PRICE (CA), LLP
1 Post Street, Suite 2400
San Francisco, California 94104
Email: mlandry@vedderprice.com

Re:     _Evidence Preservation Notice- Notice of Intent to File Federal Action_
        _-Beasley vs. Open Text Corporation et al. (OTC Federal Action)_

Dear Ms. Landry:

I am representing Ms. Michelle Beasley, the upcoming plaintiff in the OTC Federal Action and the current defendant and cross-complainant in the OTI State Action. I am writing because, since May 2021, I have asked you, Ms. Michelle Landry, lead counsel in the matter of _Open Text, Inc. vs. Beasley SMCSC Case. No. 21-CIV-01470 (OTI State Court Action)_ on multiple occasions whether Vedder Price, P.C., in any capacity, which includes the affiliate, Vedder Price (CA), LLP, which operates in California. You have failed and refused to respond in substance on each occasion. I presented extensive documentation and expressed inquiries but could not obtain a definitive response affirming or denying any representation. I conclude that Vedder Price, P.C., and any affiliates represent Open Text Corporations regarding the issues raised.

**Evidence Preservation Notice**

This letter serves as Ms. Michelle Beasley's formal demand that Open Text, Inc. (OTI) take immediate and reasonable measures to preserve and retain all files, evidence, communications, records, electronically stored information (ESI), and correspondence on or about Michelle Beasley from June 1, 2019, and going forward.  This evidence is of critical importance in the pending action since it concerns the issue of liability and damages in the forthcoming OTC Federal Action.

Even in the absence of a Court order, California law includes a clearly established duty to retain documents after the filing of a lawsuit when a party can anticipate a discovery request. _Cedars-Sinai Medical Center v. Superior Court_ (1998) 18 Cal. 4th 1, 12 ("Destroying evidence in response

to a discovery request after litigation has commenced would surely be a misuse of discovery within the meaning of section 2023, as would such destruction in anticipation of a discovery request."). If the Court finds that a party has willfully destroyed evidence that it knew was relevant to anticipated litigation, the Court may impose an appropriate sanction under either the Discovery Act, *Williams v. Russ,* (2008), 167 Cal. App. 4th 1215, 1223, or the Court's inherent power to control the integrity of its own processes and to protect the rights of litigants, *Stephen Slesinger, Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 757-765.

Federal law also imposes a duty to preserve relevant evidence. "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Apple Inc. v. Samsung Electronics Co., Ltd.* (N.D. Cal. 2012) 888 F.Supp.2d 976, 990–91.

**Beasley's Intent to File Litigation**

Ms. Beasley claims that she has been the victim of discrimination and a comprehensive scheme to defraud, including conspiracy to commit fraud, harassment, menacing, and unlawful debt collection practices. She states that there have been efforts to collect a non-existent debt based on a fake document called an "employment Agreement," among other claims. The evidence supports her allegations of falsifying and altering records, presenting false evidence, providing false statements under penalty of perjury, forgery, identity theft with intent to defraud, and an ongoing conspiracy to abuse the legal process to achieve the conspiracy's goals.

Open Text Corporation (OTC) is not a party to the pending *OTI State Court Action[1].* However, based on Ms. Beasley's federal claims and diversity jurisdiction attenuating her state claims, the *OTC Federal Action,* absent any delays, will be filed in the United States District Court on or before August 30, 2024.

According to a review of the records of the California Secretary of State, Open Text Corporation is not registered to conduct business in the State of California. However, since July 2019 or earlier, OTC employees and alleged agents have been regularly and frequently engaging in activities that may be considered conducting business in California and establishing enough contact to be subject to personal jurisdiction under state long-arm statutes. Below are some of the interactions, though not an exhaustive list, that indicate individuals based in the United States and Canada claiming to be OTC employees operating in the US and individuals employed by OTC in Canada purportedly contracting with individuals in the United States to fulfill obligations imposed by state and federal laws, among other activities.

California state law does not foreclose civil conspiracy claims involving parents and their subsidiaries. It is a well-settled law that parents and their subsidiaries, on the other hand, are separate entities absent an abuse of the corporate form. See *Turman v. Superior Court of Orange County*, 17 Cal, App. 5th, 969, 981 (2017); see also *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries"). As separate legal entities, OTC and OTI are joint and severally liable for wrongful conduct that harms Ms. Beasley.

---

[1] Ms. Beasley is not a party to a pending action whereby Mr. Avinder Sahi sued Open Text, Inc. for discrimination and wrongful termination in *Avinder Sahi vs. Open Text Inc., et al*. San Mateo Superior Court Case No. 24-CIV-01557 ("Sahi Litigation").

Conduct that breaches the contract but "is also a [breach] of a legal duty" can establish a fraud claim. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 515 (1994)). The Open Text Corporation Worldwide Sales Policy FY20 Sales Commission Plan General Plan Provisions (Part 1 of 2) and the accompanying Part 2 identifies the corporation as Open Text.

A recent declaration by Mr. Paul Loomis[2], Vice President of Intellectual Property, offers a firm and specific list of activities denying that OTC engages in any business in the USA, including:

    1.     OTC does not own, lease, maintain employees in, or otherwise occupy any physical space in the United States.

    2.     OTC does not keep any employee in the United States.

    3.     OTC has no customers in the United States.

    4.     OTC does not contract with any party in the United States.

In the case of Ms. Beasley and other California residents, OTC employees and agents have persistently directed their activities to California since July 2019 or sooner, and the conduct continues. Ms. Beasley contends that she has documented evidence of record tampering, falsification of evidence, and false statements by OTC employees presented in furtherance of the conspiracy to defraud Ms. Beasley.

The activities are extensive and persistent, including direct involvement by Open Text CEO Mr. Mark J. Barrenechea about the same or similar workplace misconduct, including gender discrimination, unequal pay for women, and complaints of anti-competitive behavior in the Open Text, Inc. subsidiary. The white female California resident asserts that Mr. Barrenechea responded to her calls and intervened. On the other hand, when Ms. Beasley sent written confidential correspondence to Mr. Barrenechea, Ms. Beasley received no acknowledgment of receipt or response. Instead, Ms. Landry, aware of the confidential nature of the document that was not directed to her attention, obtained a copy of the letter and then used it to prosecute false claims against Ms. Beasley in the *OTI State Court Action;* such conduct may give rise to further evidence that OTC actively joined the conspiracy to harm Ms. Beasley, which continues unabated despite requests to cease and desist.

On November 9, 2020, Mr. Alex Reinhardt issued correspondence on Open Text letterhead indicating that he was OpenText's Associate General Counsel. Mr. Reinhardt's correspondence further stated, "OpenText advises that it will assert any or all of its legal rights to recover the Draw Amount, including its right to file a claim against Ms. Beasley. OpenText reserves all rights at law and equity." As of November 9, 2020, and all times since the California Secretary of State, records do not indicate that Open Text Corporation is a registered and active entity in California. In general, unregistered foreign corporations can defend lawsuits but cannot initiate or file cross-complaints when sued, and thus, it is unclear what the factual and legal basis is for threatening Ms. Beasley with litigation. Mr. Reinhardt engaged in other actions in furtherance of the conspiracy to defraud and menace Ms. Beasley.

---

[2] Please refer to **Exhibit A** for a true and complete copy of a Declaration of Paul Loomis in the matter of *Trend Micro Incorporated vs. Open Text, Inc., Open Text Corp., Open Text Public Sector Solutions., and WebRoot, Inc.* United States District Court for the Eastern District of Virginia, Case. No. 1:22-cv-01063-RDA-LRV D o c u m e n t 27-1 F i l e d 11/14/22.

California law may permit claims for conspiracy against parties who joined a fraud. OTC is liable for its actions and for joining a civil conspiracy or vice-versa. Conspiracy liability lies for "acts in furtherance of the [conspirators'] common design." *Doctors' Co. v. Superior Court, 49 Cal.3d 39, 44 (1989).* A conspiracy is complete, and thus closed to new conspirators, "when [that] common design . . . is fully accomplished," timing which "depends on the facts and circumstances of each case, and the nature and purpose of the conspiracy." *de Vries v. Brumback,* 53 Cal.2d 643, 647 (1960). The Darci Jayousi and Christopher declarations are prima facia evidence of the ongoing fraud and conspiracy between OTI and OTC.

In addition, California law provides for remedies for the tortuous action of OTC operating the so-called HR Shared Services out of Waterloo, Ontario, for Open Text, Inc. when California Labor Code § 1174 requires all such personnel records to be housed in the state. The Labor Code, as does Labor Code § 2751, does not provide a civil remedy. However, a civil claim under the 'tort in se' doctrine provides a remedy. *A "tort in se" or "tort in essence" is "the breach of a nonconsensual duty owed another." Laczko v. Jules Meyers, Inc.,* 276 Cal.App.2d 293, 295, 80 Cal.Rptr. 798 (1969). "Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable [as a "tort in se"] even though no specific civil remedy is provided in the statute itself." *Id.* The claims are also ripe as unfair, unlawful, or fraudulent business practices under Business & Professions Code § 17200.

Likewise, OTC is not covered under Labor Code § 226 for false employment stubs or under federal statutes for fraudulent W2 forms (maybe). Still, the conspiracy to produce false tax forms can support a fraud claim. The documents that OTI introduced multiple times into the OTI State Court Action are fraudulent. A forensic forgery and document expert can easily show that the papers are manufactured and do not purport to be accurate copies of a real pay stub. I have included an actual copy for your information.

The supporting declarations to the Motion to Change Venue provide examples and documentation of the OTI/OTC conspiracy regarding Ms. Beasley. Additional documents exist supporting a showing of manifest fraud and deception. The purported declarations of Ms. Darci Jayousi and the multiple declarations of Mr. Goldensten all support fraud.

The purpose of this notice is stated above. However, Ms. Beasley is open to discussing pre-filing resolutions but can only do so with licensed California attorneys affirmatively stating they represent Open Text Corporation. I am happy to discuss further settlement, but time is of the essence.

Regards

*Ray Mitchell*

Raye Mitchell
Attorney Michelle Beasley

Encls.