Vedder Price (CA), LLP
Michelle Landry, Bar No. 190080
mlandry@vedderprice.com
Peter Walrod, Bar No. 339521
pwalrod@vedderprice.com
1 Post Street, Suite 2400
San Francisco, California 94104
T: +1 415 749 9500
F: +1 415 749 9502

Vedder Price P.C.
Tamara Droubi, Bar No. 247378
tdroubi@vedderprice.com
1401 New York Ave., NW, Suite 500
Washington, DC 20005
T: +1 202 312 3368
F: +1 202 312 3222

Attorneys for Defendants OPEN TEXT INC. and
OPEN TEXT CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELLE BONHOMME,<br><br>Plaintiff,<br><br>v.<br><br>OPEN TEXT CORPORATION, ET AL.,<br><br>Defendants. | Case No. 24-cv-06100-VC<br><br>**DEFENDANTS OPEN TEXT CORPORATION'S AND OPEN TEXT INC.'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>DATE: June 23, 2025<br>TIME: 10 a.m.<br>COURTROOM: 4<br>JUDGE: Hon. Vince Chhabria |

DEFENDANTS OTC'S AND OTI'S RESPONSE TO
ORDER TO SHOW CAUSE
24-CV-06100-VC

Vedder Price (CA), LLP
Attorneys at Law
San Francisco

## I. ARGUMENT

Mere days before oral argument, Plaintiff Michelle Bohomme ("Beasley") seeks to dismiss the case against Defendants, pursuant to Rule 4(m), Dkt. No. 97, thereby avoiding the consequences of her defective pleading and flawed challenge to Defendant Open Corporation's ("OTC") capacity to defend itself, Dkt. Nos. 44-46, 49, 86-87, 90, 95, and enabling her to refile her claims in state court—i.e., to forum shop, without the protections due defendants facing serial lawsuits and dismissals. In lieu of voluntarily dismissing under Rule 41(a), which she can do on her own, Beasley asks the Court to invoke its authority under Rule 4(m) to dismiss the case. In this way, Beasley avoids the consequences of Rule 4(a)(1)(B) by circumventing the two-dismissal rule should she wish to refile her claims against Defendants in federal court. Defendants ask the Court not to deny them the protection of Rule 4(a)(1)(B) by dismissing under Rule 4(m), as requested.

Notwithstanding that Rule 4(m) expressly does not apply to service in a foreign country, i.e., to OTC, *Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991), if the Court is inclined to invoke its authority, Beasley's lawsuit should be dismissed with prejudice under Rule 41(b) for failure to prosecute.[1] At a minimum, she should be required to utilize Rule 41(a).[2]

In this case, after claiming that she did serve OTC, *see, e.g.*, Dkt. No. 70 at 7, Beasley now concedes in a 180-degree reversal that (1) she failed to effect service of process on OTC, *see* Dkt. No. 97 at 1-2, 4-5; (2) she failed to serve the initial Complaint on OTC, *id.*; (3) the Complaint has remained unserved for approximately ten months, *id.*; (4) no good cause exists for Beasley's failure to timely serve OTC, *see id.*; (5) she has "no expectation of service soon," *id.* at 2; (6) she does not

---

[1] As noted in the Court's Order to Show Cause, Dkt. No. 100, it is Defendants' understanding that Beasley seeks to dismiss this entire action.

[2] Defendants do not oppose the dismissal with prejudice of Beasley's Fair Debt Collection Practices Act claim against Open Text Inc.

1                    DEFENDANTS OTC'S AND OTI'S RESPONSE TO
                     ORDER TO SHOW CAUSE
                     24-CV-06100-VC

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

seek an extension to serve OTC; *id.* at 4; and (7) "there is no good cause to extend any further time to serve OTC" or "to hold this case open waiting for service." *Id.* at 2, 4. She then invites the Court to invoke its authority to dismiss OTC without prejudice under Rule 4(m).

Dismissal of all Defendants should be, however, with prejudice. Beasley's eleventh-hour strategy reversal is premised on her admitted, unexcused failure to serve OTC. Therefore, OTC's dismissal should be under Rule 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 630, 632 (1962) (district courts have inherent power to dismiss sua sponte for lack of prosecution).[3]

There is a clear showing of willful delay by Beasley in serving OTC, as well as a clear indifference to try to serve OTC. Beasley offers no explanation to justify her willful disregard of the rules of procedure, and instead, promotes her failure as a means to eliminate the Court's federal question jurisdiction—a position Beasley adopted for the first time within hours of being served with OTC's reply setting forth Beasley's inability to challenge OTC's capacity to defend,[4] and one that corresponds to Beasley's threats to refile claims "in State Court Only" if this Court's federal question jurisdiction precludes the applicability of California law to OTC's capacity. Dkt. No. 92-1 at 2.[5]

Against this background, dismissal of OTC under Rule 41(b) is wholly appropriate. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 525 (9th Cir. 1976) (citation omitted) ("Delay in serving a

---

[3] Rule 41(b) requires the plaintiff to prosecute a case with "reasonable diligence" to avoid dismissal. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (cleaned up). "[F]ailure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (citation omitted). "The law presumes injury from unreasonable delay." *Id.* (citations omitted) (presumption of prejudice rebuttable).
[4] *Compare* Dkt. No. 90 (filed on 6/6/25 at 10:59 a.m. PT), *with* Dkt. No. 98, Ex. B at 1 (6/6/25 email from Beasley's counsel timestamped 6:13 p.m.).
[5] Beasley has apparently pivoted her strategy, and rather than pursuing the merits of her alleged claims, seeks to pursue OTC on some kind of "tax evasion" theory. She appears to hope for a default judgment based on an inability to defend. It is unclear if she will seek to refile in federal court on a diversity theory or in state court.

2    DEFENDANTS OTC'S AND OTI'S RESPONSE TO
ORDER TO SHOW CAUSE
24-CV-06100-VC

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations."). Beasley's unexcused inaction for approximately ten months and indifference to moving the case forward are contrary to the public's interest in expeditious resolution of litigation and the Court's need to manage its docket, and is prejudicial to Defendants. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citations omitted) (district court applies five factors to determine whether to dismiss for failure to prosecute); *cf. In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227-28 (9th Cir. 2006) (citations omitted) ("Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits . . . is costly in money, memory, manageability, and confidence in the process.") (costs or burden of litigation can be prejudicial, as can delay in an involved, complex case).

Likewise, Beasley's request to dismiss the case negates the availability of other alternatives and the public policy favoring the disposition of cases on their merits—a factor that is offset by the fact that Beasley is responsible for moving the case toward disposition on the merits, but her conduct "impedes progress in that direction." *See Howard v. FCA US, LLC*, No. 24CV2099-LL-MMP, 2025 WL 1616827, at *1 (S.D. Cal. June 6, 2025).

Indeed, it is Beasley's responsibility not only to move towards disposition on the merits at a "reasonable pace," but also, "to refrain from dilatory and evasive tactics." *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Yet, Beasley's drawn-out history of litigation against Defendants shows that she has deliberately proceeded in a dilatory and evasive fashion.

Twice now, Beasley has sued OTC and Open Text Inc. ("OTI") in state and federal court—including on some of the same claims—and twice, she has sought/is seeking to dismiss them without prejudice on the eve of dispositive motions—or in OTI's case, the action is still pending. *See, e.g.*, Dkt. Nos. 47-5 (filing cross-complaint in state court against OTI, OTC, Vedder Price P.C.

and three Vedder Price attorneys alleging civil rights and UCL violations, conspiracy, and invasion of privacy against all defendants), 47-6 (filing amended cross-complaint adding Rosenthal Act claim), 47-7 (dismissing OTC, Vedder Price, and two Vedder Price attorneys without prejudice), 47-17 (dismissing six claims against OTI without prejudice, including retaliation, wrongful termination, Rosenthal Act and Fair Debt Collection Practices Act, and Unfair Competition Law on the eve of summary judgment). Now, having compelled Defendants to file motions under Rule 12, and having required them to respond to a multitude of derivative motions, Beasley seeks once again to dismiss her claims without prejudice in order to refile them. *See* Dkt. No. 92-1 at 2. Beasley's actions can only be deemed as dilatory and evasive, further supporting dismissal of all Defendants with prejudice.

Additionally, under the Court's ancillary jurisdiction, Beasley cannot avoid a motion by Defendants for attorneys' fees and costs under California's anti-SLAPP provision, *L. Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 322-23 (9th Cir. 2015), or for filing federal claims in bad faith. *See Copeland v. Martinez*, 603 F.2d 981, 984 (D.C. Cir. 1979) (cleaned up). Thus, this Court will still need to determine the motions of OTC and OTI. Dkt. Nos. 44-45, 87, 90.

## II. CONCLUSION

For all of these reasons, the Court should dismiss Defendants with prejudice.

Dated: June 18, 2025

VEDDER PRICE (CA), LLP

By: /s/ Michelle Landry
Michelle Landry
1 Post Street, Suite 2400
San Francisco, California 94104
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Defendants OPEN TEXT INC. and OPEN TEXT CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By: /s/ Michelle Landry
Michelle Landry
VEDDER PRICE (CA), LLP
1 Post Street, Suite 2400
San Francisco, California 94104
T: +1 415 749 9500
F: +1 415 749 9502

Attorneys for Defendants OPEN TEXT INC. and OPEN TEXT CORPORATION