UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BONHOMME,<br><br>        Plaintiff,<br><br>    v.<br><br>OPEN TEXT CORPORATION, et al.,<br><br>        Defendants. | Case No. 24-cv-06100-VC<br><br>**ORDER DISMISSING CLAIMS WITH PREJUDICE, GRANTING ANTI-SLAPP MOTIONS**<br><br>Re: Dkt. Nos. 44, 45, 46, 49, 52, 55, 56, 61 |

      This order assumes the reader's familiarity with the facts, relevant legal standards, and arguments made by the parties.

      OTC's Motion to Dismiss for Lack of Service is granted. Bonhomme concedes that she has not properly served OTC and that she has no plans to serve OTC in the near future. OTC is dismissed from this action. Because Bonhomme has apparently made no effort to serve OTC properly, this dismissal is with prejudice.

      Bonhomme has now said that she consents to dismissal of her claim under the Federal Debt Collection Practices Act (FDCPA) against Vedder Price and Open Text Inc. (OTI) and asks the Court to decline to exercise supplemental jurisdiction over her state law claims. This request comes far too late. The anti-SLAPP motions had already been filed, along with the motions to dismiss. Moreover, she raised this issue in a sur-reply, which is not the procedurally correct way to seek dismissal of a claim. And even if the Court were to allow an eleventh-hour dismissal of the FDCPA claim, it would still exercise supplemental jurisdiction due to the need to ensure that this case is resolved quickly, given the plaintiff's litigation tactics thus far. While Bonhomme points to *Royal Canin U.S.A., Inc. v. Wullschleger* to argue that the Court has no discretion over

whether to exercise supplemental jurisdiction, in that case, the plaintiff had amended the operative complaint; that has not happened here. *See* 604 U.S. 22, 30 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says.").

Considering the defendants' motions on the merits, then, it's clear that all of Bonhomme's allegations concern protected activity and that the litigation privilege applies to all of the defendants' actions. The anti-SLAPP motions and Rule 12(b)(6) motions are granted and the claims against Vedder Price and OTI are dismissed with prejudice.

Bonhomme, citing *Verizon Delaware, Inc. v. Covad Communications Co.*, suggests that it would be an abuse of discretion to grant the anti-SLAPP motion but deny leave to amend. *See* 377 F.3d 1081, 1091 (9th Cir. 2004) ("[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment."). But even under the liberal policy of granting amendment, there is no obligation to permit amendment when that amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile."). And during the hearing on these motions, the Court gave Bonhomme's counsel the opportunity to provide any additional allegations that might be introduced with amendment, but she was unable to provide any that would save this case from immediate dismissal. In this case, then, amendment would be futile, and there is no duty for the Court to allow it.

Because OTI and Vedder Price are the prevailing parties on their anti-SLAPP motions, they are entitled to fees under California Code of Civil Procedure § 425.16. But Vedder Price has indicated that it would not be seeking fees. Thus, as discussed at the hearing, OTI should submit a calculation of its fee request by June 30, 2025, and Bonhomme should respond with any opposition by July 7, 2025. To be clear, the purpose of Bonhomme's response is not to reargue anything that she's already argued in connection with the anti-SLAPP motion. It is limited to disputing the reasonableness of OTI's fee request.

3

Finally, Vedder Price's Motion to Strike at Dkt. No. 49 is granted. The FAC and the VFAC will be sealed. Bonhomme should re-file the VFAC with Michelle Landry's private information redacted (and no other changes made) within two weeks of the date of this order.

**IT IS SO ORDERED.**

Dated: June 25, 2025

VINCE CHHABRIA
United States District Judge