UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE BONHOMME,

Plaintiff,

v.

OPEN TEXT CORPORATION, et al.,

Defendants.

Case No.  24-cv-06100-VC

**ORDER GRANTING BONHOMME'S MOTION TO QUASH WRIT**

Re: Dkt. No. 157

In June 2025, the Court dismissed Bonhomme's lawsuit against Open Text Inc. under Rule 12(b)(6) and California's anti-SLAPP statute. *See* Dkt. No. 110. Because Open Text was the prevailing party, it was entitled to attorneys' fees under the anti-SLAPP statute. *See id.*; Cal. Code Civ. Proc. § 425.16. In July 2025, the Court granted Open Text's request for $176,671.50 in attorneys' fees. *See* Dkt. No. 121. Bonhomme appealed that order. *See* Dkt. No. 122.[1]

Bonhomme did not seek a stay to prevent Open Text from collecting on the judgment while the appeal was pending.[2] Thus, in January 2026, Open Text asked the Clerk's Office of the Northern District of California to issue two writs of execution, one directed to the U.S. Marshal of the Northern District of California, and another directed to the U.S. Marshal of the Central District of California. *See* Dkt. Nos. 135, 136. The two writs of execution, each for $176,671.50, were issued by the Clerk's Office the next day. *See* Dkt. Nos. 138, 139. Pursuant to the writ directed to it, the U.S. Marshal for the Central District levied Bonhomme's Charles Schwab investment accounts that are apparently located in that district.

---

[1] Throughout this ruling, "Open Text" refers to Open Text Inc.
[2] Under Federal Rule of Civil Procedure 62, execution on a judgment is automatically stayed for 30 days. *See* Fed. R. Civ. Proc. 62(a). A judgment debtor can obtain a stay on execution of the judgment beyond that period by providing a bond or other security. *See* Fed. R. Civ. Proc. 62(b).

Bonhomme asserts that this levy was improper because Open Text never registered the judgment it obtained against Bonhomme in the Central District of California. Thus, Bonhomme asserts, the writ of execution directed towards the Central District is invalid and should be quashed. She's right.

28 U.S.C. § 1963, which is entitled "Registration of judgments for enforcement in other districts," states in pertinent part:

> A judgment in an action for the recovery of money and property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

As the Ninth Circuit has explained, the purpose of this provision is to give judgment creditors a mechanism for collecting on their judgments in other districts that does not involve bringing a separate collection action against the judgment debtor in that district. *See Fidelity National Financial, Inc. v. Friedman*, 935 F.3d 696, 700 (9th Cir. 2019) ("Section 1963 aims to spare creditors and debtors 'the additional cost and harassment of further litigation which would otherwise be required by way of an action on the judgment in a district court other than that where the judgment was originally obtained.'") (quoting S. Rep. No. 83-1917 (1954)). So if a party obtains a judgment in District A but wants to enforce it in District B, it can choose to litigate in District B or it can take the easier path, created by § 1963, of registering the District A judgment in District B. Thus, if Open Text wants to enforce this Northern District judgment in the Central District, it must either prevail in a separate enforcement action against Bonhomme or register the judgment in the Central District. It may not execute on the judgment in the Central District until it does one of those two things.

Open Text believes that a judgment creditor need not do either thing before executing a judgment in a district where the judgment was not obtained. In support of this position, Open Text invokes Federal Rule of Civil Procedure 69, entitled "Execution," which provides:

> A money judgment is enforced by a writ of execution, unless the Court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. Proc. 69(a)(1). Zeroing on the requirement that the "procedure on execution . . . must accord with the procedure of the state where the court is located," Open Text notes that California's rules automatically allow a judgment in one county to be executed in another county. *See* Cal. Code Civ. Proc. § 669.510. And so, Open Text argues, these rules should be understood as automatically allowing a judgment in one federal district to be executed in another federal district. Under Open Text's view, the only time 28 U.S.C. § 1963 mandates registration is when the two federal districts are in different states.

But that order of operations is wrong. There first has to be a judgment in place in the district of execution (whether that be through registration under § 1963 or through litigation). Only after a judgment is in place in the relevant district does Rule 69, and the state procedures it borrows for execution of that judgment, come into play. *See Labertew v. Langemeier*, 846 F.3d 1028, 1033 (9th Cir. 2017) ("The necessary predicate for application of Federal Rule 69 is a judgment in the federal district court in which execution is sought.").

At the hearing on the motion to quash, Open Text argued that even though the writ of execution was directed to the Marshal's Service in the Central District to levy accounts in the Central District, Open Text should nonetheless be understood as "executing upon" the judgment in the Northern District, where it applied for the writ of execution. But the judgment is executed in the place where the property subject to execution is located. *See Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010) (discussing whether the Northen District of California was an appropriate location to execute judgment on certain internet domain names); *see also* Black's Law Dictionary (12th ed. 2024) (defining "execution" as the "judicial enforcement of a money judgment, usually by seizing and selling the judgment debtor's property"). If the operative location was where the writ was issued, that would imply that district

3

courts in California could issue writs of execution directed towards any other district in the country because California law would govern the procedure on execution and California law allows writs of execution to be directed towards counties other than where the judgment is issued. *See* Fed. R. Civ. Proc. 69(a)(1) ("The procedure on execution . . . must accord with the procedure of the state where the court is located."). That obviously can't be right.

Another problem with Open Text's argument is that, in a situation like this, where an appeal of the judgment is pending, § 1963 only allows registration in another district upon a showing of good cause to the district court that issued the judgment. Thus, the statute requires judicial intervention before a judgment creditor can enforce the judgment in a different district in these circumstances. This requirement would be meaningless if judgment creditors could simply bypass it by going to the clerk's office and asking it to issue a writ of execution directed at another district.[3]

For all these reasons, Bonhomme's motion to quash the writ of execution directed to the U.S. Marshal of the Central District is granted. Open Text can reapply for such a writ of execution once it has registered the judgment with the Central District. But before it can register the judgment with the Central District, Open Text must either show good cause now or await resolution of Bonhomme's appeal. *See* 28 U.S.C. § 1963. A further case management conference will be scheduled to discuss how to proceed. Bonhomme is ordered not to move any assets from the accounts at issue (the Designated Beneficiary Individual Brokerage Account with the account

---

[3] When the statute codified at 28 U.S.C. 1963 was first enacted, a judgment could only be registered in another district after it had become it had "become final by appeal or expiration of time for appeal." *See* 62 Stat. 958 (June 25, 1948). The provision that allows the court that issued the judgment to permit registration while an appeal is pending was added later. *See Hearing on S. 1482 Before the Subcomm. on Courts and Administrative Practice of the S. Committee on the Judiciary*, 100th Cong. 75 (1988) (Prepared Statement of Judge Elmo B. Hunter and Judge Richard M. Bilby on Behalf of the Judicial Conference of the United States). The addition of the provision was ostensibly motivated by a desire to prevent judgment debtors from "hid[ing] assets in a foreign jurisdiction." *See id.* At the time, the Department of Justice wanted Congress to go even further and not require a court order to register a judgment pending appeal. *See id.* at 181–82 (Testimony of Stephen J. Markman, Assistant Attorney General). But Congress ultimately opted to implement a good cause requirement, thus requiring judicial involvement before judgments could be enforced in these circumstances.

number XXXX-1019 and the Individual Pledged Asset Brokerage Account with the number XXXX-7262) until 28 days after the case management conference. If Open Text decides to wait until the appeal is resolved before registering the judgment in the Central District, the Court will entertain a request to extend the hold on the accounts.

**IT IS SO ORDERED.**

Dated: June 26, 2026

VINCE CHHABRIA
United States District Judge