**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**CHAMBERS ORDER**

| Case No.: 24-cv-06100-VC | Date: August 31, 2026 |
|---|---|
| Case Title: *Bonhomme v. Open Text Corp. et al.* | |
| Magistrate Judge: Peter H. Kang | |

**PROCEEDINGS (IN CHAMBERS): ORDER**

Now before the Court is Defendant Open Text's *ex parte* application for a Debtor's Examination of Plaintiff Bonhomme. [Dkt. 178]. This dispute over the Debtor's Examination was referred to the undersigned. [Dkt. 179]. The Court ordered counsel to meet and confer to attempt to resolve or at least narrow the issues which impeded the scheduling of this Debtor's Examination, and the Court ordered the Parties to file a Joint Status Report following the meet and confer process. [Dkt. 184].

The Court has received the Parties' respective Status Reports following the ordered meet and confer to arrange for the scheduling and logistics of the Debtor's Examination of Plaintiff. [Dkts. 187-188]. Despite the Court's admonition to counsel to cooperate reasonably in setting this examination, [Dkt. 184], counsel were entirely incapable of reaching any agreement of any kind, particularly as to the date and location of this examination. Indeed, counsel were incompetent in even filing a Joint Status Report, and instead filed separate Status Reports, contrary to the Court's directives. *Compare* Dkt. 184 ("The Parties SHALL reasonably cooperate to file a Joint Status Report on August 21, 2026"), *with* Dkts. 187-188. From the Court's review of the docket in this case and the fact that these Parties and attorneys have multiple other litigations pending as between them, the Parties' failures to work out the straightforward issue of scheduling this examination is not a surprise, but is nevertheless disappointing.

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Ultimately, "the

timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

Defendant Open Text requests that the Debtor's Examination take place within thirty days of October 29, 2026, and that the examination take place at the courthouse or at Defendant's counsel's San Francisco office. [Dkt. 187 at 2]. Plaintiff Bonhomme, citing various scheduling conflicts for herself and her counsel (some of which are not explained or detailed at all), indicates that either Plaintiff or her counsel are essentially unavailable from October 29, 2026 until the end of the year. Instead, Plaintiff proposes that the examination take place on either January 12, 13, or 14, 2027. [Dkt. 188 at 2]. Plaintiff requests that the examination take place at a "neutral private conference room in Oakland" at Plaintiff's expense "or near the courthouse." *Id.* at 3.

Open Text provides no argument or information to explain why Plaintiff's proposed dates of January 12, 13, or 14, 2027 are inappropriate or unavailable. For her part, Plaintiff provides no substantive argument as to why holding the examination at a conference room in this Court's San Francisco courthouse is inappropriate. The Court is frankly at a loss to comprehend how experienced counsel could fail so utterly to reach agreement on straightforward logistics. *See Thompson v. Experian Info. Solutions, Inc.*, 2025 WL 1819774, *6 (N.D. Cal. July 2, 2025) ("The Court's authority to manage discovery does not extend to hand-holding or micromanaging every detail of the Parties' conduct of their discovery[.]").

Accordingly, in the exercise of the Court's discretion, the Court **ORDERS** that the Debtor's Examination by Defendant of Plaintiff **SHALL** be taken on January 12, 2027 starting at 9:00 am for no more than seven hours on the record. The Court **ORDERS** that the Debtor's Examination **SHALL** be conducted in a conference room near Courtroom F, on the 15th Floor of the San Francisco courthouse. The Court **ORDERS all** counsel and the witness to report to the undersigned's Courtroom Deputy in Courtroom F between 8:30 am and 9:00 am on January 12, 2027, and the undersigned's Courtroom Deputy will escort the participants in this examination (including the court reporter and any videographer) to the conference room.

The Court **ORDERS** the Parties to fully comply with the portion of Section D of the Court's Standing Discovery Order with regard to conduct of the examination, particularly the Standing Order's express directives requiring counsel and Parties to be courteous with each other, barring speaking objections, and limiting instructions not to answer to only three circumstances (preserving a privilege, enforce a limitation directed by the Court, or to present a motion under Rule 30(d)(3)). Should a dispute arise during the examination, counsel **SHALL** report in-person to the undersigned's Courtroom Deputy in Courtroom F who will then notify the Court, and counsel **SHALL** also contemporaneously send a joint email to PHKcrd@cand.uscourts.gov requesting the Court's attention. As stated in the Court's Standing Discovery Order, abuse of this emergency dispute resolution process, consistently impeding or unreasonably delaying the examination, or other conduct violative of the Standing Discovery Order, the Court's Orders, the Civil Local Rules, or the Federal Rules of Civil Procedure may subject a Party, a witness, or counsel to sanctions, including monetary sanctions, imposition of CLE requirements on counsel, or any other sanctions appropriate under the circumstances.

Pursuant to California Code of Civil Procedure, the Court provides the following Notice to Plaintiff Bonhomme:

**NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this Order, you may be subject to arrest and punishment for contempt of court and the Court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding.**

This Order **RESOLVES** Dkt. 178. In that regard, the Court **NOTES** that the *ex parte* application filed by Defendant seeking this Debtor's Examination also included, in a final section, a separate and procedurally obscure request to extend a pre-existing hold on certain Schwab accounts (procedurally styled as either a request to extend, or a request for a temporary hold until a regular motion can be filed). [Dkt. 178 at 11-12]. That request (however styled) to extend the hold on the Schwab accounts was not referred to the undersigned. *See* Dkt. 179 (referring only the debtor's examination issue). Because that request implicates extending the hold set by a prior Order issued by Judge Chhabria, the undersigned lacks jurisdiction to *sua sponte* reconsider or extend Judge Chhabria's prior Order. Accordingly, this Order makes no ruling or findings on that request to extend the hold, other than to **ORDER** Defendant to properly present any such request in a procedurally appropriate manner as a separately filed motion directed to Judge Chhabria.

**IT IS SO ORDERED.**

________/s/__________
**PETER H. KANG**
**United States Magistrate Judge**